**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YOLANDA MARIE WALKER, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-2574** |
| : | |
| YOLANDA RAQUETTA : | |
| JACKSON, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                   **AUGUST 12, 2024**

*Pro se* Plaintiffs Yolanda Marie Walker ("Walker"), Yolanda Walker-Dennis, Yolanda Walker-Jackson, Tiffany Walker, and Francisco Jackson, Jr. initiated this civil action by filing a *pro se* Complaint asserting claims of identity theft and lost land assets.[1] (ECF No. 2.) Walker seeks to proceed *in forma pauperis*.[2] (ECF No. 1.) For the following reasons, Tiffany Walker and Francisco Jackson, Jr. will be dismissed without prejudice as named Plaintiffs in this case, and all claims asserted on their behalf will also be dismissed without prejudice. The Court will grant Walker leave to proceed *in forma pauperis* and dismiss her Complaint.

---

[1] The area of the form Complaint used to list "the full name(s) of the plaintiff(s)" includes Yolanda Marie Walker, Yolanda Walker-Dennis, and Yolanda Walker-Jackson as three separate Plaintiffs. These separately listed individuals appear to be the same person, with the same address and contact information. (*See* Compl. (ECF No. 2) at 2, 6.) For purposes of this Memorandum, the Court will use "Walker" to refer to these separately listed Plaintiffs. Tiffany Walker, who has also been listed as a Plaintiff, appears to be a different person, and the Court will refer to her by her full name to avoid confusion.

[2] The only signature that appears on the Motion for Leave to Proceed *In Forma Pauperis* belongs to "Yolanda Walker Dennis." (*See* Motion (ECF No. 1) at 1.)

I.      **FACTUAL ALLEGATIONS**

Walker utilized the Court's standard form complaint to initiate this *pro se* civil action against the following Defendants: (1) Jamil Hudson; (2) Vodka Williams; (3) Emell Kamara; (4) Yolanda Raquetta Jackson; (5) Brenda Underwood; and (6) Self Inc. (*See* Compl. (ECF No. 2) at 2-3.)[3] She asserts loss of "lands assets" and claims that her identity was stolen by Underwood, Jackson, and Hudson. (*Id.* at 3-4.) She avers that Williams was involved in the events giving rise to her claims and that Cecilia Walker-Dennis and Charles Dennis, III "saw what happened." (*Id.* at 4.) Walker appears to assert both federal question and diversity of citizenship jurisdiction. (*Id.* at 3.) She seeks millions of dollars in monetary damages for use of her land. (*Id.* at 5.)

II.     **STANDARD OF REVIEW**

The Court will grant Walker leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . .

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Walker is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing"). Furthermore, a plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d

99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Claims on Behalf of Tiffany Walker and Francisco Jackson, Jr.

The Complaint in this matter contains only the handwritten signature of Walker.[4] It does not contain a handwritten signature by either Tiffany Walker or Francisco Jackson, Jr.  (*See* Compl. at 2-3, 6.)  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, neither Tiffany Walker nor Francisco Jackson, Jr. have paid the fees necessary to commence a civil action in this court or filed an application to proceed *in forma pauperis*. Because Tiffany Walker and Francisco Jackson, Jr. failed to sign the Complaint and have not paid the fees necessary to commence a civil action or filed an application to proceed *in forma pauperis* on their own behalf, they will be dismissed without prejudice as named Plaintiffs in this case.

To the extent that Walker intends to bring claims on behalf of Tiffany Walker or Francisco Jackson, Jr., as a non-attorney,[5] she may not represent any other plaintiffs in this case. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876,

---

[4] The only signature that appears on the Complaint reads "Yolanda Marie Walker-Jackson Dennis."  (Compl. at 6.)

[5] Walker does not identify herself as an attorney anywhere in the Complaint.

4

882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) ("The federal courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (internal citation and quotation omitted). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, any claims that Walker brings on behalf of Tiffany Walker and Francisco Jackson, Jr. must be dismissed without prejudice for lack of standing.[6]

### B. Walker's Claims

"A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil

---

[6] Walker also does not assert that either of these individuals are her children. Regardless, courts have found specifically that parents lack standing to bring claims for their children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Smith v. Northampton Cnty.*, No. 22-3788, 2023 WL 1767765, at *4 (E.D. Pa. Feb. 3, 2023) ("The Third Circuit has held, unequivocally, that a parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children." (citing *Osie-Afriyie*, 937 F.3d at 878.)); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332(a)).

   1. **Federal Claims**

It appears that Walker intends to assert federal claims pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331.  (Compl. at 3 (underlining "Federal Questions" as a basis for federal court jurisdiction).)  However, even under a liberal construction of the Complaint, the Court cannot discern any legitimate basis for a federal claim here.  Specifically, when asked "what federal Constitutional, statutory or treaty right is at issue" to form the basis of federal jurisdiction, Walker lists "Land Assets."  (*Id.*)  No constitutional, statutory, or other federal law claim is identified.  The legal basis for her claims is also not entirely clear although she does allege that she is a victim of identity theft.  The federal statute criminalizing identity theft, 18 U.S.C. § 1028, however, does not permit a civil cause of action or remedy, and there is no other private federal law cause of action for identity theft.[7]  *See Kral v. Avery*, No. 23-1033, 2023 WL 8006536, at *2 n.3 (M.D. Fla. Oct. 30, 2023), *report and recommendation adopted*, No. 23-1033, 2023 WL 8004565 (M.D. Fla. Nov. 17, 2023); *Akram v. Akram*, No. 22-2699, 2022 WL 2473439, at *2 (D.N.J. July 6, 2022) (there is no private federal law cause of action for identity theft); *Hernandez v. Doe*, No. 16-2375, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016) (observing that the federal identity theft statute "is purely criminal in nature and creates no private right of action"); *Razzi v. Nimler*, No. 14-447, 2014 WL 5038337, at *3 (M.D. Fla. Oct. 8, 2014) (same); *Burroughs v. Burroughs*, No. 11-2133, 2011 WL 5024180, at *2 (Sept. 30,

---

[7] Walker does not specifically request relief pursuant to 18 U.S.C. § 1028 or any other federal statute.  Liberally construing her claim for identity theft, however, the Court analyzes Walker's claim under 18 U.S.C. § 1028.

2011), *report and recommendation adopted*, 2011 WL 5024169 (D.S.C. Oct. 20, 2011) ("There is no federal civil action for identity theft.").

If Walker intended to raise federal claims, they are "wholly insubstantial," *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015), and, therefore, insufficient to invoke the Court's federal question jurisdiction. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that *pro se* complaint purporting to raise "civil rights violations" failed to present a federal question when "[d]espite [plaintiff's] bare citations, none of his claims arise 'under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, nor does [plaintiff] seek a remedy granted by the Constitution or federal law."). Accordingly, any federal claims will be dismissed without prejudice for lack of jurisdiction.

## 2. State Claims

Moreover, to the extent Walker seeks to assert claims under state law (*see* Compl. at 3 (underlining "Diversity Jurisdiction" as a basis for federal court jurisdiction)), she has not pled an independent basis for the Court's jurisdiction over those claims. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to

remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).

Here, Walker lists a Pennsylvania address for herself and provides a Pennsylvania address for each of the six named Defendants, which suggests that diversity is lacking.  (*See* Compl. at 3-4.)  Because Walker has failed to meet her burden of establishing complete diversity in this case, there is no basis for the Court to exercise jurisdiction over Walker's claims.  *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  However, she will be given an opportunity to file an amended complaint that clarifies her jurisdictional allegations in the event she can allege a basis for diversity.  Alternatively, she may opt to refile her claims in state court, where federal jurisdiction will not be an issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Walker leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.  Tiffany Walker and Francisco Jackson, Jr. will be dismissed without prejudice as named Plaintiffs in this case, and all claims asserted on their behalf will also be dismissed without prejudice for lack of standing.  The dismissal of the Complaint is without prejudice to Walker filing an amended complaint in the event she can allege a basis for subject matter jurisdiction over her own state claims or, alternatively, she may file a complaint in the proper state court so

she may proceed on her claims in that venue.[8] An appropriate Order follows, which provides further instruction as to amendment.

                                              **BY THE COURT:**

                                              **/s/ John Milton Younge**
                                              **JOHN M. YOUNGE, J.**

---

[8] The Court expresses no opinion on the merit of such claims.