IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOLANDA MARIE WALKER,** *et al.*, | : | |
|     **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2574** |
| | : | |
| **YOLANDA RAQUETTA JACKSON,** *et al.*, | : | |
| | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 12th day of August, 2024, upon consideration of Plaintiff Yolanda Marie Walker's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and *pro se* Complaint (ECF No. 2),[1] it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons stated in the Court's Memorandum, Tiffany Walker and Francisco Jackson, Jr. are **DISMISSED WITHOUT PREJUDICE** as named Plaintiffs in this case.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** Tiffany Walker and Francisco Jackson, Jr. as Plaintiffs in this case.

5. The Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

    a. All claims asserted by Walker on behalf of Tiffany Walker and Francisco Jackson, Jr. are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

---

[1] In this Order, Yolanda Marie Walker, Yolanda Walker-Dennis, and Yolanda Walker-Jackson are referred to as "Walker" since they appear to be the same person. (*See* Compl. (ECF No. 2) at 2, 6.) Tiffany Walker, who has also been listed as a Plaintiff, appears to be a different person, and the Court will refer to her by her full name to avoid confusion.

    b. All claims asserted on Walker's own behalf are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. Walker may file an amended complaint within thirty (30) days of the date of this Order in the event she can state a basis for the Court's jurisdiction over her state law claims. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Walker's claims against each defendant.  **The amended complaint also must clearly state the basis for the Court's diversity jurisdiction, including by alleging the state citizenship of each party to the best of Walkers's ability.  Walker should only use her legal name in the caption of the amended complaint but may include factual allegations about her other names in the body of the amended complaint.**  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting her amended complaint, Walker should be mindful of the Court's reasons for dismissing the claims in her Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Walker a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Walker may use this form to file her amended complaint if she chooses to do so.

8. If Walker does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case (24-2574). *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.  If Walker fails to file any response to this Order, the Court will conclude that she intends to stand on her Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                                **BY THE COURT:**

                                                **/s/ John Milton Younge**
                                                **JOHN MILTON YOUNGE, J.**